# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP J. TAFT,
#1181121,

  *Plaintiff*,

vs.

STATE OF NEVADA,

  *Defendant*.

2:11-cv-01180-PMP-LRL

ORDER

  This *pro se* civil rights suit by a prisoner in custody of the Clark County Detention Center (CCDC) comes before the Court on Plaintiff's application (#1) to proceed *in forma pauperis* and for initial review pursuant to 28 U.S.C. § 1915A. The Court finds that Plaintiff does not have sufficient funds currently on hand to pay a substantial initial partial filing fee toward the full filing fee of three hundred fifty dollars ($350.00), pursuant to 28 U.S.C. § 1915(b)(1). The application therefore will be granted, subject to the remaining provisions herein. The Court thus proceeds to initial review.

### *Governing Law*

  When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

### ***Discussion***

In the complaint, Plaintiff Philip J. Taft seeks monetary damages from the State of Nevada as the sole named defendant. He alleges that Las Vegas Justice Court Judge

Melanie Andress-Tobiasson set an excessive bail for him in September of 2009. Taft alleges that he still is in custody awaiting trial.

At the very outset, the sole named defendant – the State of Nevada – is not subject to suit in this matter. Plaintiff's claims against the State of Nevada in federal court are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). Moreover, neither the State nor a state officer sued in his or her official capacity is a "person" subject to suit for damages under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). All claims asserted against the State of Nevada – the sole defendant herein — therefore must be dismissed.

The Court further would note the following.

First, Plaintiff's claims in any event are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because his claims necessarily imply the invalidity of his confinement on the bail set. Plaintiff's remedy -- if any – would appear to be via a habeas petition filed after he has exhausted his state judicial remedies through to the Supreme Court of Nevada. Plaintiff's remedies lie in the first instance in the state courts, in which he is represented by counsel. Federal courts further generally do not interfere with pending state criminal proceedings.

Second, it has not been established beyond doubt that the Excessive Bail Clause applies to the States. The Supreme Court and Ninth Circuit have only assumed *arguendo*, but have not conclusively held to date, that the Excessive Bail Clause of the Eighth Amendment applies to the States through the Fourteenth Amendment. *See,e.g. Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). Not every provision of the Bill of Rights extends to the States through the Fourteenth Amendment's Due Process Clause. *See,e.g., Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010)(Fifth Amendment's grand jury requirement does not apply to the State's through the Due Process Clause).

1 Third, even if, *arguendo*, the Excessive Bail Clause applies to the States, the clause 2 does not bar the governmental body from detaining even noncapital arrestees without any bail 3 at all or from considering interests other than flight prevention in setting bail. *United States* 4 *v. Salerno*, 481 U.S. 739, 752-55,107 S.Ct. 2095, 2104-05, 95 L.Ed.2d 697 (1987); *Galen*, 477 5 F.3d at 660. The limited precedent available instead suggests that the Excessive Bail Clause, 6 as with its English antecedent, "'has never been thought to accord a right to bail in all cases, 7 but merely to provide that bail shall not be excessive in those cases where it is proper to grant 8 bail.'" *Salerno*, 481 U.S. at 754, 107 S.Ct. at 2105 (quoting prior authority). In the present 9 case, the sparse allegations presented in the Complaint would not state a claim upon which 10 relief could be granted. Plaintiff must do more than conclusorily allege that he was subjected 11 to excessive bail, and the allegations of the Complaint must permit the Court to infer more 12 than the mere possibility of misconduct. Merely because Plaintiff's counsel argued for a lesser 13 bail in the Justice Court does not lead to the conclusion that the bail imposed was 14 constitutionally excessive in the full circumstances actually presented.

15 Fourth, Plaintiff may not recover compensatory damages for mental distress, pain and 16 suffering, or other emotional injuries. *See* 42 U.S.C. § 1997e(e).

17 The Complaint therefore will be dismissed without prejudice for lack of jurisdiction over 18 the subject matter. The Court finds that allowance of an opportunity to amend would be futile 19 given that Plaintiff in all events cannot state a viable damages claim against either the State 20 of Nevada or the Justice Court Judge.[1]

---

[1] An individual capacity claim against the judicial officer would be barred by absolute judicial immunity. *See,e.g., Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *see also Atkinson-Baker & Associates, Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993). Plaintiff further may not recover damages from the judge in her official capacity because she is a state official. *See Will, supra*. Whether an official is an officer of a state instrumentality is determined by applicable state law. *See,e.g., Rounds v. Oregon State Board of Higher Education*, 166 F.3d 1032, 1035 (9th Cir.1999). Under Article 6, Section 1 of the Nevada Constitution, the judicial power of the State of Nevada is vested in a court system comprised of the state supreme court, the state district courts, and the justice courts. Justice courts in this regard are to be distinguished from municipal courts in Nevada. A municipal court instead is part of the municipal government in question. *See,e.g., Nunez v. City of North Las Vegas*, 116 Nev. 535, 540, 14 P.3d 959, 963 (2000). A justice court is not a municipal court. A justice court is no more a part of the municipal government for the
(continued...)

1   IT THEREFORE IS ORDERED that plaintiff's application (#1) to proceed *in forma*
2   *pauperis* is GRANTED.  Plaintiff shall not be required to pay an initial partial filing fee.
3   However, even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant
4   to 28 U.S.C. § 1915(b)(2).

5   IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action
6   to a conclusion without the necessity of prepayment of any additional fees or costs or the
7   giving of security therefor.  This order granting *forma pauperis* status shall not extend to the
8   issuance of subpoenas at government expense.

9   IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County
10  Detention Center shall pay to the Clerk of the United States District Court, District of Nevada,
11  20% of the preceding month's deposits to plaintiff's account (in the months that the account
12  exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  If plaintiff should
13  be transferred and become under the care of the Nevada Department of Corrections, the
14  CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the
15  Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson
16  City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds
17  may continue to be deducted from plaintiff's account.  **The Clerk shall send a copy of this**
18  **order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV**
19  **89101.**

20  IT FURTHER IS ORDERED that this action shall be DISMISSED without prejudice for
21  lack of jurisdiction over the subject matter.  For the reasons stated on page 4 of this Order,
22  the Court finds that allowance of an opportunity to amend would be futile.
23  / / / /
24  / / / /

---

26  [1](...continued)
27  township as to which it has geographical jurisdiction than a state district court is part of the local county government for a county as to which it has geographical jurisdiction.  Under the Nevada Constitution, state district courts and justice courts are part of the state judiciary.  A justice of the peace therefore is a state
28  officer rather than a municipal officer.

The Clerk the Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 21, 2011.

_____
PHILIP M. PRO
United States District Judge